NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FPM FINANCIAL SERVICES, LLC, | : | |
| Plaintiff, | : | Civil Action No. 10-6118 (JAP) |
| v. | : | |
| REDLINE PRODUCTS, LTD, BLOW BEFORE YOU GO INTERNATIONAL, | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

This matter comes before the Court on Defendant Blow Before You Go International's ("BBYG") motion to dismiss Plaintiff FPM Financial Services, LLC's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff opposes the motion. For the reasons set forth below, the Court will grant BBYG's motion.

**I.   BACKGROUND**

On November 23, 2010, Plaintiff filed a complaint with this Court against Redline Products, Ltd. ("Redline Products") and BBYG. Therein, Plaintiff alleges that it entered into a distributorship contract with Redline Products in Spring 2010 whereby it was granted the exclusive rights to distribute the product "Redline," a disposable chemical breathalyzer manufactured by Redline Products, in the United States. In connection with that contract, Plaintiff and Redline Products also entered into a confidentiality and nondisclosure agreement. Plaintiff alleges that Redline Products breached these agreements when it granted BBYG the right to distribute Redline within the United States and divulged confidential information.

1

Plaintiff further alleges that BBYD was responsible for unlawfully inducing Redline Products to breach its contract with Plaintiff.

On September 22, 2011, BBYG, a Canadian company with its principal place of business in Calgary, Canada, filed the instant motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. In support of its motion, BBYG asserts that, *inter alia*, it has no offices, property, employees, or distributors in New Jersey, does not and never has done any business in New Jersey, has no contractual relationship or prior dealings with Plaintiff, and that its agreement with Redline Products includes a forum selection clause that selects the Court of Queens Bench, Calgary, Alberta as the exclusive venue for disputes.

## II.     STANDARD OF REVIEW AND DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(2), a party may move for dismissal of an action based on lack of personal jurisdiction. *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289, 300 (3d Cir.2 001). In deciding a motion brought pursuant to Rule 12(b)(2), the Court will construe the allegations within the complaint as true, and will construe disputed facts in favor of the plaintiff. *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 457 (3d Cir. 2003).

Once personal jurisdiction is challenged, the plaintiff has the burden of establishing that the case is properly before the court. *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001). In particular, "the plaintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 699 (3d Cir.1990)(internal citations omitted). A plaintiff may satisfy this burden through the use of affidavits or other competent evidence. *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996).

Generally, "[a] nexus between the defendant, the forum and the litigation is the essential foundation" of personal jurisdiction. *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001). The Third Circuit has set forth an analytical framework to determine whether personal jurisdiction over a non-resident defendant is proper. *Pennzoil Prods. Co. v. Co. lelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir. 1998). This analysis begins with an examination of Federal Rule of Civil Procedure 4(e). *Id.*

Under Rule 4(e), a court may exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co.,* 149 F.3d at 200 (citation omitted). Pursuant to New Jersey's long-arm statute, the exercise of personal jurisdiction over non-resident defendants is allowable to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *Nicholas v. Saul Stone & Co.,* 224 F.3d 179, 184 (3d Cir. 2000).

Due Process requires that a defendant have minimum contacts with the forum state and that an exercise of jurisdiction over the defendant comport with "'traditional notions of fair play and substantial justice.'" *Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001)(quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Further, "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987)(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In essence, "before hearing a case, a court must ask whether 'the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'" *Time Share Vacation Club v.*

*Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984)(modifications and emphasis in original)(quoting *Kulko v. Super. Ct. of Cal.,* 436 U.S. 84, 92 (1978)).

Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon "the nature of the interactions and type of jurisdiction asserted." *Telcordia Tech Inc. v. Telkom SA Ltd.,* 458 F.3d 172, 177 (3d Cir. 2006). Where the cause of action does not arise out of or relate to the defendant's activities in the forum State, but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise general jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984). On the other hand, a court exercises specific jurisdiction when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts. *Id.* at 414 n.8.

Here, Plaintiff has not met its burden of demonstrating that BBYG's "contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic,* 897 F.2d at 699; *General Elec. Co.,* 270 F.3d at 150. In fact, Plaintiff has neither provided facts nor set forth competent evidence establishing that BBYG has *any* contacts with New Jersey, far less contacts sufficient to confer personal jurisdiction.[1] As reflected in BBYG's brief and accompanying declaration, BBYG has no offices or employees in New Jersey, does not pay taxes in New Jersey, and does not and never has done any business in New Jersey. *See* Def.'s Br. at 2-4; Atkinson Decl. ¶¶ 3-7. Likewise, it has no contractual relationship or prior dealings with Plaintiff, and its agreement with Redline Products was not drafted or executed in New Jersey and

---

[1] In its opposition to BBYG's motion, Plaintiff merely maintains that BBYG was joined in this action to avoid a violation of New Jersey's entire controversy doctrine—which it asserts would have resulted had Plaintiff filed suit against BBYG in Canada—and then concludes, without support and without setting forth any jurisdictional facts, that "the Court does have jurisdiction over said party." De Pierro Cert. ¶¶ 2-4. The Court notes that Plaintiff's assertion as to its requirements under the entire controversy is both inapposite and misplaced in light of the current state of that doctrine in New Jersey. *See, e.g.*, *K-Land Corp. No. 28 v. Landis Sewerage Auth.,* 173 N.J. 59, 69-70 (2002); *Center For Professional Advancement v. Mazzie*, 347 F. Supp. 2d 150, 155-56 (D.N.J. 2004); *Burrell v. Quaranta*, 259 N.J. Super. 243, 250 (App. Div. 1992).

includes a forum selection clause that identifies the Court of Queens Bench, Calgary, Alberta as the exclusive venue for disputes.  *See* Def.'s Br. at 4; Atkinson Decl. ¶ 8.  Accordingly, because Plaintiff has not demonstrated any contacts between BBYG and New Jersey and thus falls far short of satisfying its burden of establishing general or specific jurisdiction, BBYG's motion to dismiss for lack of personal jurisdiction will be granted.

### III.   CONCLUSION

For the reasons above, the Court will grant BBYG's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  An appropriate Order will follow.

/s/ JOEL A. PISANO
United States District Judge

Dated: March 12, 2012